IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARKETRIC HUNTER, a minor child, by and through his mother and legal guardian, THELMA LYNAH,<br><br>Plaintiff,<br>vs.<br><br>RHONDA MEDOWS, in her Official Capacity as Commissioner of the GEORGIA DEPARTMENT OF COMMUNITY HEALTH, and GEORGIA MEDICAL CARE FOUNDATION, INC., a Georgia corporation,<br><br>Defendants. | CIVIL ACTION<br>1:08-CV-2930-TWT |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS'JOINT MOTION TO STAY
PROCEEDINGS AND DISCOVERY**

COMES NOW Plaintiff Marketric Hunter ("Marketric) and files this

Memorandum in Opposition to Defendants' Joint Motion to Stay Proceedings and

Discovery and shows as follows:

**I. INTRODUCTION**

On September 22, 2008, the Court granted in part and denied in part

Plaintiff's Motion for a Preliminary Injunction. Defendants have now filed a Joint

1

Motion to Stay Proceedings and Discovery requesting that the Court stay discovery and any further proceedings in this case until thirty (30) days after the Eleventh Circuit issues a final decision in the appeal of the Court's denial of Defendant Medows' motion for summary judgment in another case, *Moore v. Medows*, 563 F.Supp. 2d 1354 (N.D. Ga. 2008). For the reasons set forth below, Defendants' motion should be denied.

**II. BACKGROUND**

Marketric Hunter is a medically fragile, Medicaid-eligible child. On September 19, 2008, he filed the pending action under 42 U.S.C. §1983 seeking temporary and permanent injunctive relief and a declaratory judgment to remedy numerous violations of his rights under, *inter alia,* the Medicaid Act. In his case, Marketric named Defendant Medows, as the Commissioner of the Department of Community Health (DCH), and Defendant Georgia Medical Care Foundation (GMCF), as DCH's vendor, and alleged that the policies of the Georgia Pediatric Program (GAPP) that the Defendants have applied to him violate his federally protected rights by:

> (a) denying Marketric all services to which he is entitled under EPSDT, in violation of 42 U.S.C. §1396d(r)(5);
>
> (b) failing to inform Marketric of the scope of services available under the EPSDT benefit of the Medicaid program, in violation of 42 U.S.C. §1396a(a)(43)(A);

(c) denying and reducing EPSDT services in amount, duration and scope because of Marketric's diagnosis, type of illness or condition, in violation of 42 C.F.R. §§440.230(b) and (c);

(d) denying services to Marketric on the basis of cost, in clear violation of the Medicaid Act;

(e) failing to provide adequate written notice of its decisions to deny or reduce benefits;

(f) ignoring requests for Medicaid-funded services;

(g) failing to provide access to Medicaid-funded services with reasonable promptness;

(h) making arbitrary and capricious decisions to deny or reduce Medicaid-funded services to Marketric and/or creating justifications for those decisions after Marketric has sought to challenge them;

(i) failing to provide Marketric with a meaningful opportunity to be heard and the means by which he might challenge any reduction or denial of Medicaid-funded services to him;

(j) refusing to allow nurses to travel with Marketric to the doctor's office despite repeated requests from the primary pediatrician;

(k) refusing to consider the requests of Marketric's primary pediatrician for nurses to travel with Marketric and then refusing to provide notice of the denial of services to Marketric;

(1) refusing to apply the proper legal standard for medical necessity to the approval of nursing services;

(m) denying services to Marketric because his "disease process" has not deteriorated enough;

(n) refusing to actually provide Medicaid-funded "private duty nursing" to

Marketric, as that service is defined in 42 C.F.R. §440.80. (Complaint, ¶ 75; *see also, e.g.*, ¶¶ 50 – 64)

Defendants' submissions prior to the hearing on Marketric's motion for preliminary injunction leave no room for dispute that Marketric is Medicaid-eligible, he has extraordinary medical needs, and he is entitled to receive private duty nursing as that service is defined by 42 C.F.R. §440.80. (*See, e.g.,* Defendant GMCF's Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, p. 2)

On September 22, 2008, the Court granted in part Marketric's motion for a preliminary injunction to the extent that Defendant DCH applies a policy of not providing services for individuals requiring 16 to 24 hours of nursing care for more than one week, because its criteria is not one of medical necessity and is inconsistent with the Medicaid Act, 42 U.S.C. § 1396a *et seq*. The Court found that Marketric had demonstrated a likelihood of success on the merits, had shown irreparable injury, that the balancing of the equities is in his favor, and that the limited injunction is in the public interest.

In *Moore v. Medows*, the case appealed by Defendant Medows, the Court entered permanent injunctive relief and a declaratory judgment in Callie's favor on June 9, 2008, holding that Medows could not reduce or deny private duty nursing

hours to Callie Moore based upon the absence of a secondary caregiver or upon considerations of cost.   Shortly before the Court entered judgment on the parties' cross-motions for summary judgment, Callie sought emergency injunctive relief when the Defendants here refused to approve an increase in Callie's nursing hours for a four week period because there had been no showing that Callie's overall condition worsened. Unless Callie's condition had worsened, Defendants' asserted, any increase in approved hours would be deemed "for the convenience of the caregiver."  The Court rejected the reasons given by the State for refusing to increase nursing hours for Callie's care, finding that the fact that her condition had not worsened does not mean that the requested services are not medically necessary, and enjoining Defendant Medows' from denying the prescribed nursing hours to Callie for the specified time period. (*Moore v. Medows*, Civil Action No. 1:07-cv-0631-TWT, Order dated March 28, 2008 [122]

Since the Court's decision in *Moore v. Medows*, DCH and GMCF no longer make any pretense that DCH provides the Medicaid service known as "private duty nursing" to medically fragile children. Defendants have eliminated almost every mention of the term "private duty nursing" from the GAPP manual and have substituted for it the phrase called "skilled nursing in shifts." Skilled nursing in shifts is not listed in the Medicaid Act and is not defined in the Code of Federal

Regulations. Moreover, DCH and GMCF continue to apply the same criteria when determining a child's eligibility for GAPP and the number of hours that a child can receive. Specifically, DCH and GMCF make the child's receipt of any nursing hours of any kind contingent upon the child having a secondary caregiver, and cost continues to be one of the primary purposes of the GAPP program. https://www.ghp.georgia.gov/wps/output/en_US/public/Provider/MedicaidManuals/2008-10_GAPP_v18.pdf

### III. ARGUMENT AND CITATION OF AUTHORITIES

To support their motion to stay proceedings and discovery in this case, Defendants rely upon the broad discretion of the Court saying simply that this Court has discretion to stay the proceedings in this case to "avoid waste of time, effort, and litigation costs." (Defendants' Brief at 3) Marketric agrees that the Court has broad discretion incident to its inherent power to control and manage the cases pending before it. *See Trujillo v. Conover & Co.*, 221 F.3d 1262, 1263(11th Cir. 2000). Marketric also believes that this is not a proper case for the Court to exercise its discretion to grant the extraordinary relief Defendants seek.

A party seeking a stay must prove good cause and reasonableness. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D.Fla.2006). When considering a request to stay proceedings, the court should balance the benefits and burdens of a stay, granting a

stay only while preliminary questions that may dispose of the case are determined. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) If the need for discovery may be eliminated completely, granting a stay while a dispositive motion is pending may be appropriate. *E.g., Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1 (D.D.C. 2001). A stay is not appropriate when the pending motion will not dispose of the entire case, especially when irreparable harm is alleged and equitable relief is sought. *Lugo v. Alvarado*, 819 F.2d 5,7 (1st Cir. 1987). S*ee also Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (motion to dismiss not dispositive, so stay not warranted).

No dispositive motion is pending in this case. Defendants do not even suggest that their wished for resolution of *Moore v. Medows* could be dispositive of all of Marketric's claims in this case.  Instead, Defendants pin their motion to stay on some vague and presumptuous representations about what they think the impact of any decision in *Moore w*ill have, stating that a "ruling will substantially narrow the claims and issues" and "establish the proper scope of discovery...." (Defendants' Brief at 3)  Defendants seem to be saying that some of Marketric's claims will evaporate if, as Defendant Medows has framed her appeal of *Moore,* the Eleventh Circuit decides that "the state, rather than the primary care physician,

is the final arbiter of medical necessity...." (*Id.* at 3). Defendants' beliefs about any of this are hard to explain, and Defendants themselves have not tried.

At best, Defendants make nothing more than "bald assertion[s]" that Defendant Medows' victory in the Eleventh Circuit will make much discovery in this case unnecessary. Their unsubstantiated assertion that they will prevail making discovery unnecessary is insufficient grounds for a stay. *People With AIDS Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179,*1(D.D.C. 1991) Defendants generally complain that they will be subject to some unspecified burdens, but never explain what those burdens could be. Had Defendants moved for a protective order under Fed.R.Civ.P. 26(c), they would have been required to show more than they have here.  Under Rule 26(c), the party seeking a protective order must make a showing of "good cause" to in order to avoid being subjected to the burdens of discovery in a way that is different from the burdens that a party ordinary must endure. Fed.R.Civ.P. 26(c)(1). Good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 256 (11th Cir.1987). Here, Defendants have done nothing of the sort.

Defendants would have the Court place an indefinite hold on Marketric's right to proceed with his entire case based upon their unsupported assertions about how any decision from the Eleventh Circuit in *Moore* could impact Marketric's

case. Marketric is a different plaintiff, with different claims on different facts, suing these two defendants. Although Marketric's case and Callie Moore's case both concern their rights under the early and periodic screening, diagnosis and treatment ("EPSDT") provisions of the Medicaid Act and the application of Defendants' policies to them, Marketric's case is not Callie Moore's case. (*See, e.g.,* Hunter Complaint, ¶¶ 50 – 64)

Defendants have not demonstrated that extraordinary relief is justified in these circumstances. When a party seeks a stay of proceedings in one suit while another suit is resolved in another court, the party seeking the stay must clearly show hardship or inequity in proceeding, and "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). Defendants rely upon cases that are little more than general statements concerning a trial court's broad discretion to grant a stay. Defendants refer the Court to *Grayling Indus., Inc. v. GPAC, Inc.*, 1991 U.S. Dist. LEXIS 16750 (N.D. Ga. 1991), in which the district court stayed an action to declare a patent invalid when the patent was submitted to the Patent and Trademark Office for review. In *Markel Int'l Ins. Co. v. Keith*, 2008 U.S. Dist. LEXIS 82670 at 4 (S.D. Ga. July 2, 2008), the district court granted a stay pending

the outcome of the declaratory judgment in which the insurer's involvement in the pending suit could be finally determined. The district court reached a different result in another case cited by Defendants, *Home Ins. Co. v. Coastal Lumber Co.*, 575 F.Supp. 1081, (N.D. Ga. 1983). There, the district court declined to grant the insurance company's motion to stay where the claims to be decided in two cases were not identical. As the district court observed, the power to stay a proceeding "must not be exercised lightly." *Id.* at 1083.

Defendants assert that the injunction entered by the Court on September 22nd eliminates "any prejudice to the parties that could be caused by staying these proceedings until the appeal in <u>Moore</u> is finally decided." (Defendants' Brief at 3) Defendants could not be more wrong. Marketric continues to be subject to Defendants' policies that are used to limit or deny medical care to him. These policies are not criteria for determining whether the care is medically necessary and when applied to him violate his rights under the Medicaid Act. Marketric has filed suit to obtain relief under 42 U.S.C.§1983, and he should be permitted to proceed to the conclusion of his case.

The Court has had occasion to enjoin, either temporarily or permanently, four of DCH's policies that are being used to deny health care and are not criteria for determining whether medical care is medically necessary. (March 28, 2008:

DCH enjoined from denying care based upon policy that requires child to be worse before nursing hours will be increased; June 9, 2008: DCH enjoined from denying or reducing nursing services based upon the absence of a secondary care giver or considerations of cost; September 22, 2008: DCH enjoined from using policy limiting number of hours a child could be allowed to receive).  In granting relief in the *Moore* case and in the *Hunter* case now before the Court, the Court has looked to the many cases interpreting EPSDT and has relied upon the Eleventh Circuit's decision in *Pittman v. Sec. of Fla. Dep't of Health & Rehab. Servs.,* 998 F.2d 887(11th Cir. 1993), which is itself frequently cited as persuasive authority by other courts in these cases. In *Pittman*, the Eleventh Circuit examined at length the impact of the 1989 Amendment to the Medicaid Act broadening EPSDT and held that the revised statute took away the state's discretion to deny the plaintiff child medically necessary treatment. 998 F.2d. at 890.

In the case at hand, Marketric is likely to prevail on the merits of his claims. Marketric is a very sick little boy, and the burden upon him of a delay in resolving his claims greatly exceeds any benefit to be gained by putting his claims on hold while the Department of Community Health seeks a decision from the Eleventh Circuit more to her liking.  Defendants concede that Marketric's claims are not

11

going away, and they have failed to show anything like good cause to support the entry of a stay as they have requested.

## IV. CONCLUSION

For the reasons stated herein and relying upon the record in this case, Marketric requests that the Court deny Defendants' Joint Motion for Stay Proceedings and Discovery.

Respectfully submitted this 10th day of November, 2008.


                                                          s/Paula Rafferty Miller
                                                        Paula Rafferty Miller
                                                        Georgia Bar. No. 591756

                                                        s/Joshua H. Norris
                                                        Joshua H. Norris
                                                        Georgia Bar No. 545854

                                                        Attorneys for Plaintiff


Georgia Advocacy Office
150 E. Ponce de Leon Avenue, Suite 430
Decatur, Georgia 30030
Telephone:  (404) 885-1234
Facsimile:  (404) 378-0031
E-mail:  pmiller@thegao.org
               jnorris@thegao.org

**Rule 7.1D Certification**

In accordance with Local Rule 7.1D, Plaintiff's counsel certifies that this pleading has been prepared in 14 point Times New Roman, a font approved for use in the Northern District of Georgia. Local Rule 5.1B.

    This 10th day of November, 2008.

                                                                 s/Paula Rafferty Miller
                                                                 Paula Rafferty Miller
                                                                 Georgia Bar No. 591756
                                                                 Attorney for Plaintiff

Georgia Advocacy Office
150 E. Ponce de Leon Avenue, Suite 430
Decatur, Georgia 30030
Telephone:   (404) 885-1234
Facsimile:   (404) 378-0031
E-mail:      pmiller@thegao.org

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed electronically the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Stay of Proceedings with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record: Michelle Townes, Virginia Fuller (for Defendant Medows), Adam Katz (for Defendant GMCF), Paula Rafferty Miller, Joshua H. Norris (for Plaintiff)

This 10th day of November, 2008.

s/ Paula Rafferty Miller
Georgia Bar. No. 591756
Counsel for Plaintiff

Georgia Advocacy Office
150 E. Ponce de Leon Avenue, Ste. 430
Decatur, Georgia 30030
(404) 885-1234
Fax (404) 378-0031
E-mail: pmiller@thegao.org