IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARKETRIC HUNTER
a minor child, by and through his
mother and legal guardian, Thelma
Lynah, et al.,

    Plaintiffs,

      v.

DAVID A. COOK
Commissioner of the Georgia
Department of Community Health,

    Defendant.

CIVIL ACTION FILE
NO. 1:08-CV-2930-TWT

## ORDER

This is an action seeking injunctive relief against the Georgia Department of Community Health. It is before the Court on the Plaintiffs' Motion for Attorneys' Fees and Expenses [Doc. 219]. For the reasons set forth below, the motion is GRANTED in the amount of $851,056.15.

## I. Background

The Plaintiffs brought this action for injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 and the Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") provision of the Medicaid Act, 42 U.S.C. §1396d(r), and pursuant to Title

II of the Americans with Disabilities Act (ADA) to redress the Georgia Department of Community Health's ("DCH") practice of using criteria other than medical necessity to deny and reduce medically necessary in-home private duty nursing services to the Plaintiffs through the Georgia Pediatric Program ("GAPP"). DCH's reduction in the amount of medically necessary nursing hours provided to the Plaintiffs put them at significant risk of harm through the deterioration of their health and at significant risk of hospitalization. The Court granted the Plaintiffs M.H. and R.E. injunctive relief and the Plaintiff Zachary Royal declaratory and injunctive relief on their claims. The Plaintiffs S.R. and J.M. accepted offers of judgment from Defendant DCH in August 2013. The lengthy course of litigation is set forth in detail in the Plaintiffs' Brief in Support of Motion for Attorneys' Fees and Expenses [Doc. 223]. This litigation history is not disputed by the Defendant.

## II. Discussion

Prevailing parties in civil rights actions are entitled to an award of attorneys fees.[1] There is no question that the Plaintiffs are the prevailing parties in this case. They obtained all of the main relief that they sought. "Where a plaintiff has obtained

---

[1]   42 U.S.C. § 1988; see also Hensley v. Eckerhart, 461 U.S. 424 (1983). "This statute is interpreted broadly since it is remedial in nature and facilitates private enforcement of civil rights." Webster Greenthumb Co. v. Fulton Cty., 112 F. Supp. 2d 1339, 1346 (N.D. Ga. 2000); Lambert v. Fulton Cty., 151 F. Supp. 2d 1364 (11th Cir. 2000).

excellent results, his attorney should recover a fully compensatory fee."[2] In determining an objective estimate of the value of a lawyer's services, the court must multiply those hours reasonably expended by a reasonable hourly rate, or compute the "lodestar."[3] Moreover, "[t]he Supreme Court has emphasized that the resulting figure is more than a mere rough guess of the final award."[4] Rather, it is "presumed to be the reasonable fee to which counsel is entitled."[5] Where "plaintiff's claims for relief ... involve a common core of facts or [are] based on related legal theories" the district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."[6] The hours claimed or

---

[2] Hensley, 461 U.S. at 435; Villano v. City of Boynton Beach, 254 F. 3d 1302, 1308 (11th Cir. 2001) ("If the court determines that the result obtained was an excellent result, then the award of fees 'will encompass all hours reasonably expended on the litigation and indeed in some case of exceptional success an enhanced award may be justified.'"); Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006).

[3] Hensley, 461 U.S. at 433; see also Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he lodestar figure represents a presumptively reasonable fee." Military Circle Pet Ctr. v. Cobb County, 734 F. Supp. 502, 504 (N.D. Ga. 1990); Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).

[4] Halderman v. Pennhurst State School and Hosp., 725 F. Supp. 861, 863 (E.D. Pa. 1989) (citing Delaware Valley I, 478 U.S. at 564) (internal quotation marks omitted).

[5] Id. (quoting Blum, 465 U.S. at 897) (internal quotation marks omitted).

[6] Hensley, 461 U.S. at 434.

spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee."[7] Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits, id. at 437, and attorneys should be compensated for the time reasonably expended in seeking an award of fees from the court.[8] In making a fee request, "[c]ounsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."[9] Counsel should provide in the fee request the hours spent "with sufficient particularity."[10]

The Plaintiffs initially sought fees in the amount of $994,018.00 representing 2,391.65 hours multiplied by the hourly rates of the attorneys. After the Defendant objected to the number of hours, the Plaintiffs reduced the hours requested to 2,241.125. The Court concludes that Ms. Miller's hours and Mr. Norris' hours should be reduced by an additional ten percent to account for the claims that were dismissed early in the case. This results in a further reduction of $89,897.50. Beyond that, the Defendant's objections to the hours expended have no merit. Indeed, it was the

---

[7]     Hensley, 461 U.S. at 433.

[8]     Johnson v. University Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1207 (11th Cir. 1983); Johnson v. Mississippi, 606 F.2d 635, 638 (5th Cir. 1979).

[9]     Hensley, 461 U.S. at 434; Norman, 836 F.2d at 1301.

[10]    ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999).

Defendant's intransigence that made the litigation so lengthy and time consuming. "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response."[11] In relation to the enormous amount of the Court's time that was consumed by this case, the reduced hours are perfectly reasonable.

The Defendant's argument that the fee award should be reduced because the Plaintiffs did not obtain excellent results is ludicrous. Throughout the course of the litigation, the Plaintiffs obtained three temporary restraining orders, two preliminary injunctions, three permanent injunctions, and a declaratory judgment. In addition to the permanent injunctive relief and declaratory relief awarded, the Plaintiff M.H. obtained several preliminary orders for relief that required the Defendant to provide him with substantial amounts of nursing care (24-hour nursing, gradually stepped down to 12 hours per day), and enjoined the Defendant from enforcing a policy to limit medically necessary skilled nursing services using criteria not based on medical necessity. Later in the litigation, the Plaintiff M.H. obtained another preliminary order requiring the Defendant to provide him with 24-hour nursing for six to eight weeks while he was in a body cast, and 18 hours per day of nursing after the cast was removed for a delineated period of time. The Plaintiff Royal was also awarded

---

[11]      <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 580 n.11 (1986).

preliminary relief that enjoined the Defendant from reducing his nursing services below 84 hours of skilled nursing per week. Each of these orders ensured that the Plaintiffs were provided medically necessary skilled nursing care to treat their complex conditions, maintain their health, and prevent unnecessary hospitalization or institutionalization.

The number of hours is applied to the reasonable hourly rate to obtain the lodestar. As to reasonable hourly rates, the Plaintiffs supported their fee application with affidavits, including an expert affidavit. The Defendant responded only by pointing to prior applications in which the same attorneys claimed lessor rates. The Defendant misses the point completely. The law is clear that the attorneys for the prevailing parties are entitled to be paid their current hourly rate to compensate for the delay in being paid.[12] The hourly rates are reasonable. This results in an attorneys fee award of $837,847.50.

---

[12]     See Norman v. Housing Auth., 836 F.2d 1292, 1306 (11th Cir. 1988) (directing district court on remand to give "every consideration" to application of current rates "because of the delay experienced by the attorneys in receiving payment"); Johnson v. University Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1210-11 (11th Cir. 1983); Gates v. Collier, 616 F.2d 1268, 1276 (5th Cir. 1980) (current rates).

## III. Conclusion

For the reasons set forth above, the Plaintiffs' Motion for Attorneys' Fees and Expenses [Doc. 219] is GRANTED in the amount of $837,847.50 in attorneys fees and $13,208.65 in expenses for a total award of $851,056.15.

SO ORDERED, this 18 day of August, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge